# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:17-cr-480-CEH-JSS

KENYA ANTAUNBLACK
STRONG
_____

## ORDER

This cause comes before the Court on Defendant Kenya Antaunblack Strong's Motion Seeking Reduction in Sentence (Doc. 52),[1] Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 58), and Motion Requesting Judicial Recommendation Concerning Length of RRC / Halfway House Placement (Doc. 62).

On June 26, 2018, Strong was sentenced to a term of 120 months' imprisonment, to be followed by 16 years of supervised release, based upon his plea of guilty to conduct committed in 2017. Doc. 47. He was convicted of possession with intent to distribute cocaine base within 1000 feet of a school and being a felon in possession of ammunition. *Id.* Strong received the statutory mandatory minimum sentence, which was enhanced by his prior felony convictions. Doc. 48 at 1-2; Doc. 13 at 3. Now 38 years old, Strong is incarcerated at FCI Yazoo City.

In the instant motions, Strong requests compassionate release and a recommendation from the Court for a 12-month period in a halfway house. Docs. 50,

---

[1] Strong also moved for the appointment of counsel, which the Court granted. Docs. 52, 54.

52, 58, 62. The Government filed responses in opposition to all three motions (Docs. 61, 66). The Federal Public Defender was appointed on Strong's behalf in relation to his motion for compassionate release (Docs. 54, 55).

Having considered the motions and being fully advised in their premises, the Court will deny Strong's motions for compassionate release and deny without prejudice his motion for judicial recommendation concerning length of halfway house placement.

### A. Motions for Compassionate Release

#### 1. *Background*

In his first motion for compassionate release, Strong argues, pursuant to 18 U.S.C. § 3582(c)(1)(A), that extraordinary and compelling reasons support a reduction in his sentence. Doc. 52 at 2-3. Specifically, he asserts that the change in predicate language enacted by the First Step Act of 2018, which changed "felony drug offense" to "serious drug felony," satisfies the "other reasons" provision of the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1(D). *Id.* at 3. He further argues that the sentencing factors listed in § 3553(a) do not preclude relief, and that resentencing is consistent with the sentencing guidelines' policy statements. *Id.* at 3-5.

Strong supplemented his motion for a reduction in sentence with a second motion that was filed through counsel. Doc. 58. Counsel first explains that Strong exhausted his administrative remedies by filing a request for compassionate release with the warden of his prison facility more than 30 days before filing his motion. *Id.* at

2

4. Next, counsel argues that extraordinary and compelling reasons support a sentence reduction, while acknowledging that this Court is bound by the Eleventh Circuit's holding that the "other reasons" cited in the policy statement include only reasons that the Warden of the Bureau of Prisons has approved. *Id.* at 6-7, citing *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021). Finally, counsel echoes Strong's arguments regarding the § 3553(a) factors, pointing to Strong's nonviolent criminal history, his positive incarceratory conduct, and the risks posed by the COVID-19 pandemic. Doc. 58 at 12-15.

Responding in opposition to both motions, the Government concedes that Strong has exhausted his administrative remedies, but argues he is not entitled to relief because he has not demonstrated the existence of an extraordinary and compelling reason for a sentence reduction. Doc. 61 at 4-6. Moreover, the Government asserts that the § 3553(a) factors, particularly Strong's criminal history and the risk he poses to the public safety, do not support a sentence reduction. *Id.* at 7-10. The Government also argues that Strong is not eligible for a reduced sentence under other provisions of the First Step Act of 2018 that he did not cite. *Id.* at 2-4.

### 2. *Legal Standard*

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective December 21, 2018, section 603 of the First Step

Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>>
>> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Courts are to consider the factors listed in 18 § 3553(a), as applicable, as part of the analysis.[2] *See* § 3582(c)(1)(A).

### 3. Discussion

First, the Court finds that Strong has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1). Under that provision, a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Strong argues, and the Government does not dispute, that he exhausted his administrative remedies by making a request for compassionate release to the warden of his prison facility more than 30 days before filing his motions with

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

the Court. Doc. 58 at 4; Doc. 61 at 4-5. The Court agrees that he has satisfied the exhaustion requirement.

However, Strong has not established an extraordinary and compelling reason that warrants compassionate release. Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant must establish that a sentence reduction is warranted. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1. This list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66.

Here, Strong is 38 years old and was not incarcerated until 2018. Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A) and must instead demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A). He argues that he has identified an "other reason," as listed in the policy statement at U.S.S.G. § 1B1.13, cmt. n.1(D), in that the First Step Act of

6

2018 changed the language of the predicate offense provision that enhanced his sentence from "felony drug offense" to "serious drug felony." Doc. 52 at 3.[3]

The fourth type of extraordinary and compelling reason listed in the policy statement, which has been described as a catch-all provision, provides that, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). As defense counsel acknowledges, Doc. 58 at 6-7, the Eleventh Circuit has held that this provision must be interpreted literally. *Bryant*, 996 F.3d 1243. Therefore, an identified reason requires approval from the Director of the Bureau of Prisons before it can be considered extraordinary and compelling. *Id.*; *United States v. Giron*, 15 F.4th 1343, 1350 (11th Cir. 2021) ("district courts are bound by U.S.S.G. § 1B1.13 when granting compassionate release and that only the Bureau of Prisons can expand the extraordinary and compelling reasons under the catch-all provision"). Strong has not established that the Bureau of Prisons has expanded the reasons to include his

---

[3] Strong does not argue that he is entitled to resentencing under this provision of the First Step Act; nor can he, because the legislature specified that the language change "shall apply only to a conviction entered on or after the date of enactment of this Act," which was December 21, 2018. First Step Act of 2018, Pub. L. No. 115-391, § 401(b), 132 Stat. 5194, 5222 (2018); *United States v. Mathews*, 837 F. App'x 701, 703 (11th Cir. 2020) ("the plain language" of section 401 "makes clear" that it is not retroactive).

7

identified basis for sentence reduction. Therefore, he is not entitled to compassionate release.[4]

### B. Motion for Judicial Recommendation Concerning Length of Halfway House Placement

Strong also petitions the Court to recommend that the Bureau of Prisons release him to a Residential Reentry Center ("RCC"), also known as a halfway house, at the earliest opportunity of 12 months before the end of his sentence. Doc. 62 at 1. While recognizing that an individual's placement in an RCC is within the purview of the Bureau of Prisons ("BOP"), Strong notes that district courts may issue non-binding recommendations to the BOP. *Id.* at 1-4. He explains that he has had no disciplinary action while in BOP custody and has made significant progress on himself during this time, taking advantage of numerous programming opportunities. *Id.* at 2-3. Strong states that he has also expressed exceptional remorse and has sought to make changes that will allow him to move beyond his past conduct in a mature and responsible way. *Id.* at 2, 4. He argues that the maximum term of 12 months in an RCC would allow him greater opportunities for rehabilitation and a successful transition to the community. *Id.* at 2-3.

The Government opposes Strong's motion. Doc. 66. The Government first asserts that the Court does not have the authority to make placement decisions. *Id.* at 2-3. Next, it argues that Strong did not provide enough information for the Court to

---

[4] Because the Court has determined that Strong is not eligible for compassionate release based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a). *See* Doc. 52 at 3-5; Doc. 58 at 12-15; Doc. 61 at 7-10.

make the requested recommendation, as he did not include documentation of his disciplinary or program history. *Id.* at 3.  The Government further notes that the motion is premature because he will not be eligible for RCC placement for several more years. *Id.*

As Strong acknowledges, the Court may make only a non-binding recommendation to the BOP concerning a defendant's placement in an RCC. *See United States v. Martin*, 877 F.3d 1035 (11th Cir. 2017); *see also* 18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.").

By Strong's account, the initial years of his prison term have been positive ones, despite the unique challenges presented by the COVID-19 pandemic.  The Court commends him for his achievements and personal growth, and encourages him to continue availing himself of programming and other opportunities for rehabilitation as his sentence continues.  Because he will not be eligible for even the maximum RCC placement until 2024,[5] however, the Court agrees with the Government that his request for a judicial recommendation is premature.  The Court will therefore deny Strong's motion, without prejudice, at this time.  Should Strong wish to file a renewed

---

[5] According to the BOP, Strong has a release date of May 28, 2025.

motion in the future, he must include documentation to corroborate his description of his achievements and disciplinary record.

Accordingly, it is **ORDERED**:

1. Defendant Kenya Antaunblack Strong's Motion Seeking Reduction in Sentence (Doc. 52) is **DENIED**.

2. Strong's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 58) is **DENIED**.

3. Strong's Motion Requesting Judicial Recommendation Concerning Length of RRC/Halfway House Placement (Doc. 62) is **DENIED without prejudice.**

**DONE** and **ORDERED** in Tampa, Florida on October 31, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties